383 P.2d 342

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Wayne Thomas EUBANKS, Defendant-Appellant.**

**No. 9071.**

Supreme Court of Idaho.

June 20, 1963.

Rehearing Denied July 22, 1963.

Vernon K. Smith, Boise, for defendant-appellant.

Allan G. Shepard, Atty. Gen., Warren Felton, Asst. Atty. Gen., Boise, Francis H. Hicks, Pros. Atty., Mountain Home, for plaintiff-respondent.

**34**

McFADDEN; Justice.

The appellant, Wayne Thomas Eubanks, was found guilty of the crime of forgery committed in Elmore County, as charged in the information filed against him. By the information it was charged that he did ".wilfully, intentionally, unlawfully, feloniously and with intent to defraud one Thomas H. Mellen, make, pass and utter as true and genuine * * * a certain false and forged check for the payment of money in the sum of Fifty-five and 60/100 ($55.60) Dollars, said check purporting to be the true and genuine check of one Thomas H. Mellen, * * * whereas in truth and in fact the name of Thomas H. Mellen was false and forged and said check was false and forged as the defendant then and there well knew."

At trial Calvin Cass, a witness for the State, testified that on August 20, 1959, he was employed as a clerk at the Mellen Hotel, in Mountain Home. Cass testified that on that date at the hotel appellant presented him the check specified in the information and that he cashed it for appellant. He further stated that Eubanks endorsed

the check in his presence and that he applied a portion of the amount of the check in payment of Eubanks' hotel bill for rent and gave appellant the balance in cash.

Thomas H. Mellen, testified he neither made nor signed the check claimed to have been forged, and that he had not authorized any other person to execute it in his name. He stated that the check was accepted by the Glenns Ferry Bank, Ltd., at Glenns Ferry, on which it was drawn, and charged to his account.

Eubanks testified he cashed the check, but contended that the check had been executed by Mellen and given to him by Mellen in payment for services performed.

During the course of the trial a series of other checks, bearing the name of Mellen as payor or maker and appellant as payee and endorser, were introduced into evidence, over appellant's objections. Mellen testified that certain of these checks were not signed by him, although his name appeared thereon as the maker and that the checks were actually charged against his checking account with the Glenns Ferry bank. Over objection by appellant, Mellen was also permitted to testify that he was familiar with appellant's handwriting and that in his opinion appellant had endorsed these checks.

Appellant objected to the introduction of the series of checks on the following ground: that no proper foundation was laid for their admission; the checks purportedy

being forgeries, it was improper to admit them, for they tended to prove the commission of another offense not charged in the information. The objection to the opinion testimony of Mellen as to appellant's endorsement on the checks was on the ground Mellen was not a handwriting expert and was therefor unqualified to give such an opinion.

At the conclusion of the evidence, the case was submitted to the jury, which found appellant guilty as charged. Appellant moved for a new trial, asserting error in permitting Mellen to express an opinion that appellant had endorsed certain checks, because Mellen was not a handwriting expert, and thus unqualified to render such an opinion. The motion for new trial was denied, and the trial court entered judgment of conviction, sentencing Eubanks to imprisonment for a term not exceeding five years. This appeal is taken from the order denying the motion for new trial and from the judgment of conviction and sentence.

▪ Appellant contends Mellen should not have been allowed to render an opinion concerning the endorsements on those checks admitted into evidence over objection, Mellen not having first qualified as a handwriting expert. This contention is without merit. In State v. Myers, 36 Idaho 396, 211 P. 440, this Court stated:

"'Anyone who is familiar with a person's writing from having seen him

**36**

write * * * is competent as a non-expert to give his opinion as to the genuineness of his signature. The weight of the evidence to prove the genuineness of handwriting, whether given by experts or by those who know the party's handwriting, is wholly for the jury.

* * *'"

See also, State v. Bond, 12 Idaho 424, 86 P. 43; Bell Handbook of Evidence for the Idaho Lawyer, p. 60.

Equally appropriate to this case is the following statement found in Spencer v. State, 237 Ind. 622, 147 N.E.2d 581, 72 A. L.R.2d 304:

"* * * One need not be an expert to give his opinion as to the genuineness of the handwriting of a person if he is familiar with such person's handwriting and has seen the person write.

"Anyone who is familiar with a person's writing from experience, having seen him write, or having carried on correspondence with him or from the opportunities of having frequently handled and observed the person's handwriting, is competent as a non-expert to give an opinion as to the genuineness of his signature, or handwriting.

"'So often does the subject of expert qualifications in handwriting come before the Courts that this subject is ordinarily thought of as exclusively one for experts. But a little reflection on every day's practice will demonstrate this error of thought. Where the witness is sufficiently qualified as to knowledge, i. e. where he has *seen the person* write or the like * * *, no dispute is ever raised as to his experiential competency. Proper familiarity with the standard of comparison is all that is asked for, and no special skill in judging of writings is required. It is accepted law that the general experience of the ordinary person is sufficient, so far as experiential competency goes.' Wigmore on Evidence, 3rd Edition Vol. II, § 570, p. 668 * * *".

■■ Mellen testified that he had previously seen appellant write his name. Appellant, a former employee of Mellen, had been paid for his services by checks from Mellen. The record discloses that some nine of these checks had been endorsed by appellant in Mellen's presence while they were together in the "Club Rendezvous". Such familiarity with appellant's signature was sufficient for Mellen to give this testimony. If a person indicates sufficient familiarity with another's signature it is not necessary that he qualify as an expert. See 20 Am.Jur. Evidence § 826, pp. 700, 701, wherein it is stated:

"The evidence frequently offered on a question of the authenticity of a dis-

puted writing or signature is that of persons who are familiar with the handwriting of the alleged writer; the opinion of such a person is universally recognized to be admissible, even though he is in no sense a handwriting expert. All courts agree that a witness is qualified to express an opinion of the genuineness of a controverted writing or signature if he has proper knowledge of the supposed author's handwriting or signature."

Appellant assigns error in the admission over objection of certain checks, contending they were admitted for the purpose of proving commission of some other offense, and that no attempt was made to relate the designated exhibits to any other exhibits as to time. It is argued that the court overruled the objections and admitted them for whatever purpose the state might make of them.

■ In answer to this assignment, the trial court instructed the jury that they could consider the evidence offered to prove that previously to the time of the alleged crime for which appellant was charged, appellant had committed similar offenses, but that it could be considered only for the purpose of determining whether appellant had knowledge of any fact, the knowledge of which would have been involved in the crime with which he was charged, but that evidence of any later offense could not be

considered for the purpose of proving the defendant's knowledge. The trial court further instructed the jury that insofar as proof on the question of appellant's fraudulent intent, that they could consider all evidence of other forgeries, both subsequent and prior to the alleged offense. The trial court then stated: "But you are not permitted to consider such evidence [evidence touching upon other checks tending to show other forgeries] for any purpose other than as I have stated." By the instruction, the jury's deliberation on these other checks was limited to the specific fields; of proving "knowledge" by evidence of the acts only prior to the date of the alleged offense, and of proving "fraudulent intent" by all evidence, both prior and subsequent to the date of the alleged offense.

■ The rule that evidence of another offense is not admissible in a criminal trial is subject to the several exceptions or limitations. Evidence of other forgeries is admissible in a forgery prosecution for the purpose of proving intent, motive, scienter or guilty knowledge, identity or for the purpose of showing that the particular crime charged was a part of a system, scheme or plan. Annotation 34 A.L.R.2d 777. In State v. Lowe, 50 Idaho 96, 294 P. 339, this court stated:

"It is claimed there was error in receiving proof of defendant's participation in these other forgeries of similar

orders. We think motive may be shown by proof of other acts by a defendant, showing a general scheme in the carrying out of which the crime charged is a distinct crime, even though other similar transactions proved, in showing such general scheme, may constitute independent crimes of a similar nature."

Under the law, and the court's instruction, there is no merit to this specification as to proof of other crimes being inadmissible.

 Error is assigned in the giving of Instruction No. 17, defining the word "utter", it being contended there was no testimony or evidence offered or admitted to prove the act of uttering as charged in the information. Uttering a check within the meaning of I.C. § 18–3604 consists in presenting it for payment, and the act is then done, even though no money may actually have been obtained. State v. Weis, 92 Ariz. 254, 375 P.2d 735; Hill v. State (Okl. Cr.) 266 P.2d 979; Jones v. State, 69 Okl. Cr. 244, 101 P.2d 860; Girdley v. State, 161 Tenn. 177, 29 S.W.2d 255; State v. Hobl, 108 Kan. 261, 194 P. 921. See also: State v. Booton, 85 Idaho 51, 375 P.2d 536. Appellant actually received money on the instrument here in question. The trial court did not err in instructing the jury on the definition of the word "utter".

There are presented some eleven assignments of error by appellant; they have not herein been considered individually for the reason that the issues raised by such assignments overlap. The principal contentions have been covered by this opinion, and the other have been carefully examined without discovery of reversible error.

Judgment affirmed.

KNUDSON, C. J., and McQUADE, TAYLOR and SMITH, JJ., concur.