594 P.2d 639

STATE of Idaho, Plaintiff-Respondent,

v.

Granville L. HOLDER,
Defendant-Appellant.

No. 12702.

Supreme Court of Idaho.

May 7, 1979.

Peter D. McDermott, of McDermott &
McDermott, Pocatello, for defendant-appellant.

Wayne .L. Kidwell, Atty. Gen., Lynn E.
Thomas, Deputy Atty. Gen., Arthur J. Berry, Asst. Atty. Gen., Boise, for plaintiff-respondent.

BISTLINE, Justice.

Appellant Holder was convicted of the
June 29, 1976, burglary of the Trading Post
Sporting Goods Store in American Falls
(population 2,769, 1970 census), Idaho. The
conviction of Holder resulted from the testimony of five witnesses.

Gary Barron testified: that Holder and
two companions (a man and woman) purchased gas at his station on June 28, 1976.
At the time, Holder was driving a dark
green Buick and one of his companions was
driving a dark Chevrolet or GMC pickup.
Both vehicles had out of state plates which
were dark orange with dark letters. Later
that day he saw Holder and his two companions in the Trading Post; he heard
Holder's male companion discussing the
guns on display with the bartender.

The bartender testified: That Holder and
his two companions had been in the Trading

Post on June 28, 1976, and that Holder and his male companion talked with her about one of the guns.

Duane Williams testified: That he heard glass breaking about 1:30 a. m. on the morning of June 29, 1976. Looking out of his second floor hotel window, he saw two humans standing in front of the Trading Post about one-half to three-fourths of a block away. He shouted and the two individuals drove away in a large dark car which he described as having out of state license plates (yellow with dark letters and numerals). He looked out the window approximately three hours later and saw what he thought was the same car (which he identified as being a Buick or Oldsmobile) and a dark Chevrolet pickup with a white over-the-cab camper parked in front of the Trading Post. He saw two medium-sized persons carrying what "looked like guns" from the Trading Post and loading them into the camper. He was unable to provide a more detailed description of the two persons.

Irene Hofmeister testified: That the defendant and his two companions registered [1] at her hotel on June 28, 1976, and left the next day. That at approximately 4:15 to 4:30 a. m. on June 29, 1976, defendant and his male companion drove a dark car into the hotel parking garage; she informed them that the spaces were all paid for and ordered them to move their car, which they did, parking it in front of the garage.

Lawrence C. Conrad, a police officer, testified that: He discovered evidence of a burglary of the Trading Post at approximately 6:00 a. m. on June 29, 1976; the front window was broken and gone were the guns which had been on display. He and the other officers processed the area

for fingerprints, in regard to which at trial neither counsel elicited any testimony as to results of their endeavor.

At the close of the State's case, the court denied a defense motion for dismissal. Other than the two stipulations above mentioned, the defendant put on no case.

The defense counsel unsuccessfully objected to instructing the jury as to aiding and abetting and the court's failure to give his requested instruction No. 4 on utilization of circumstantial evidence.

The defendant raises three issues on appeal. The first is whether the trial court erred in denying defendant's motion for dismissal. The defendant's motion, regardless of terminology, was essentially a motion for directed judgment of acquittal. I.C.R. 29.[2] *See* 2 Wright Federal Practice & Procedure § 461 (1969), and 8A Moore's Federal Practice ¶ 29.02 (1977). In this regard, Wright says:

A directed verdict for defendant, however, or judgment for acquittal as it is now called, is an important safeguard to the defendant. It tests the sufficiency of the evidence against him, and avoids the risk that a jury may capriciously find him guilty though there is no legally sufficient evidence of his guilt.

*Id.* at 243. The trial judge, in here denying Holder's motion, said:

This court has had previous experience in a criminal matter wherein the court determined by evaluating the evidence as I thought a court should do, to determine whether or not the case should even go to the jury, and the court so took the case from the jury, and the Supreme Court indicated at that time that *where there is evidence, although slight or whatever it*

---

1. *The defendant entered into two stipulations with the State. The first was that when the defendant registered at the hotel, he had given correct information regarding the registration of his car in New Mexico. The second was a colored depiction of a New Mexico license plate, showing it to be off-white with red or orange-red relief letters.*

2. Rule 29. Motion for judgment of acquittal.— (a) MOTION BEFORE SUBMISSION TO JURY.

The court on motion of the defendant or on its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment, information or complaint after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the state is not granted, the defendant may offer evidence.

*might be,* that it was for the jury to make the final determination. At least that's the way I interpreted their ruling, and as such I'm going to deny your motion.

■ The trial court was incorrect in so stating the law. The test that should be used by a trial court is whether the evidence is sufficient to sustain a conviction of the offense or offenses charged. *State v. Lewis,* 96 Idaho 743, 536 P.2d 738 (1975). In *Lewis* the defendant was charged with both kidnapping and forcible rape. On appeal the exact language of the Court was:

If there was *sufficient evidence* introduced during this trial *to sustain a conviction* for either rape or kidnapping, the court erred in granting the motion to dismiss.

*Id.* at 747, 536 P.2d at 742 (emphasis added). Contrariwise, in granting the Rule 29 motion the trial court in *State v. Lewis* had ruled:

"It's the burden of the prosecuting attorney to prove all of the elements of the crime beyond a reasonable doubt. I don't believe you've proved the elements of these crimes beyond a reasonable doubt. There is still reasonable doubt as to her fear and I don't believe this is a proper case for this court to allow it to go to the jury. Therefore, I'm going to grant the motion to dismiss as both to the kidnapping and to the rape charge."

*Id.* at 745, 536 P.2d at 740. As to the kidnapping charge, the opinion in that case set forth excerpts of testimony given by the prosecutrix, which if believed showed that she had in fact been kidnapped:

Had this case gone to the jury and the jury returned a verdict of guilty on the kidnapping count, on the basis of the quoted testimony we would have concluded that the evidence was sufficient to sustain a conviction. *The credibility of the witnesses and the weight to be given their testimony are matters for the jury, not the court. State v. Gailey,* 69 Idaho 146, 204 P.2d 254 (1949). By erroneously concluding that the state had not introduced evidence upon which he could sus-

tain a verdict of guilty of kidnapping and by preventing the jury from determining the question presented, the trial judge committed serious error in dismissing the kidnapping counts. (Emphasis added)

*Id.* at 748, 536 P.2d at 743. The Court went on to illustrate that the testimony of the prosecutrix, which the jury was at liberty to believe, was sufficient to have sustained a conviction in that the element of threat of bodily harm need not be verbally expressed, but may be evidenced by acts and conduct.

On both charges, then, in *Lewis* the Court held that direct evidence—the testimony of the prosecutrix—was sufficient to sustain a verdict of conviction, and the trial court erred in not allowing the jury to pass upon the factual issues.

■ Here the State's testimony was neither impeached nor contradictory. The sole issue presented on the motion was the sufficiency of the evidence to sustain a conviction. Although the case against Holder was far from overwhelming, a majority of the Court are of the opinion that applying the proper test, and inferences to be drawn therefrom, the evidence was such that a jury could have properly found him guilty. Therefore, the trial court did not err in denying Holder's motion, albeit the holding of *State v. Lewis* was misconstrued.

■ The defendant's next contention is that he was prejudiced by the giving of instructions 16 and 17 concerning aiding and abetting:

Instruction No. 16.

All persons concerned in the commission of a crime who either directly and actively commit the act constituting the offense or knowingly and with criminal intent aid and abet in its commission or, whether present or not, who advise and encourage its commission, are regarded by the law as principals in the crime thus committed and are equally guilty thereof.

In this regard it is not necessary that the defendant himself have actually entered the premises burglarized to be guilty of first-degree burglary as a principal. All persons concerned in the com-

mission of such a crime of burglary, whether they directly commit the act constituting the offense or aid and abet in its commission, or, if not present, have advised and encouraged in its commission, are principals in such crimes so committed and equally guilty thereof.

Instruction No. 17

To "aid and abet" means to assist, facilitate, promote, encourage, counsel, solicit, or incite the commission of a crime.

In the abstract the instructions are proper statements of our statutory law. *Howard v. Felton*, 85 Idaho 286, 379 P.2d 414 (1963), § 18–204, I.C., *State v. Hewitt*, 73 Idaho 452, 254 P.2d 677 (1953); *State v. So*, 71 Idaho 324, 231 P.2d 734 (1951); *State v. Kleier*, 69 Idaho 278, 206 P.2d 513 (1949); 22 C.J.S. Criminal Law § 82. The question presented here goes not to the context of the instructions, but rather whether the evidence justified the giving of such instructions.

Defendant contends that there is no evidence that he or anyone else aided and abetted in the commission of the burglary, and that by giving this instruction the court allowed the jury to speculate that Holder, though he may not have been one of the two people seen "burglarizing" the Trading Post, is guilty because even though not present, yet *he may have* directed or incited the commission of the crime. Critical is the testimony of Mrs. Hofmeister. She observed Holder driving a dark car a short distance from the scene of the burglary at about the time the burglary took place. On such testimony, a majority of the Court believes that on all the evidence the jury was at liberty to find that Holder was a direct participant or at least involved, though not personally participating in the burglarious entry.

The defendant's third assignment of error complains of the trial court's failure to give his requested circumstantial evidence instruction which was:

You are not permitted to find the defendant guilty of the crime charged against him based on circumstantial evidence unless the proved circumstances are not only consistent with the theory that the defendant is guilty of the crime, but cannot be reconciled with any other rational conclusion and each fact which is essential to complete a set of circumstances necessary to establish the defendant's guilt has been proved beyond a reasonable doubt.

Also, if the evidence is susceptible of two reasonable interpretations, one of which points to the defendant's guilt and the other to his innocence, it is your duty to adopt that interpretation which points to the defendant's innocence, and reject the other which points to his guilt.

In denying the requested instruction and giving instruction No. 11[3] which only distinguishes between direct and circumstantial evidence, the trial court said:

In regard to the circumstantial evidence, I think this is—what you're proposing in your instruction tends to almost have the court take away from the jury the value of circumstantial evidence and *I think the instruction given by the court more adequately leaves the jury to take the facts and use the facts in determining whatever conclusion they wish.* They're instructed not to draw any, or they can proceed with this by drawing inferences because of these particular set of facts, if they are logically and appropriately come through with that, whereas your instruction almost requires the court to instruct them to find the defendant innocent if

3. Instruction No. 11

Evidence may be either direct or circumstantial. It is direct evidence if it proves a fact, without an inference, and which in itself, if true, conclusively establishes that fact. It is circumstantial evidence if it proves a fact from which an inference of the existence of another fact may be drawn.

An inference of fact is one which may logically and reasonably be drawn from another fact or group of facts established by the evidence.

The law makes no distinction between direct and circumstantial evidence as to the degree of proof required; each is accepted as a reasonable method of proof and each is respected for such convincing force as it may carry.

there's a question about it, and I don't think that's the full intent of circumstantial evidence.

In the present situation the evidence linking the defendant with the burglary of the Trading Post was entirely circumstantial. Defendant maintains that his requested instruction was almost identical to instructions approved in earlier cases, *State v. Marcoe*, 33 Idaho 284, 286, 193 P. 80 (1920) where the court said:

> " * * * the circumstances must be consistent with the guilt of the defendant and inconsistent with his innocence, and incapable of explanation on any other reasonable hypothesis than that of guilt."

and *State v. McLennan*, 40 Idaho 286, 302, 231 P. 718, 723 (1925) where the court added:

> "In order to sustain a conviction based solely on circumstantial evidence the circumstances must be consistent with the guilt of the accused and inconsistent with his innocence, and incapable of explanation on any other reasonable hypothesis than that of guilt."

*See also* the later case of *State v. Davis*, 69 Idaho 270, 206 P.2d 271 (1949), where the judgment below was reversed for failure to give an instruction almost identical to that here refused.

Holder's requested instruction was a proper statement of the law, and it was erroneously refused. For that reason, the judgment of conviction is reversed and the cause remanded for a further trial, should the prosecution determine to further so proceed.

McFADDEN, DONALDSON and BAKES, JJ., concur.

SHEPARD, C. J., concurs in result.