670 P.2d 1318

STATE of Idaho, Plaintiff-Respondent,

v.

Daniel Wayne STODDARD, Defendant-Appellant.

No. 14085.

Court of Appeals of Idaho.

Oct. 11, 1983.

Klaus Wiebe, Ada County Public Defender, David Z. Nevin, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Fred C. Goodenough, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SWANSTROM, Judge.

Appealing from a judgment of conviction for grand larceny, Daniel Stoddard presents

two issues for our consideration. He contends first that the trial court erred in admitting evidence of prior criminal conduct, unrelated to the charge for which he was on trial. Second he argues that the court erred by declining to give a requested jury instruction on circumstantial evidence. We conclude that the court erred in admitting evidence of prior criminal conduct. Accordingly, the judgment of conviction must be reversed and the cause remanded for further proceedings.

In the afternoon of July 22, 1980, Daniel Stoddard and a juvenile companion were arrested by the Oregon State Police at a rest stop off Interstate 84 in central Oregon. The police had been alerted by the proprietor of a gas station in Hermiston, Oregon, that two suspects, in a black Datsun 280–Z, had pulled into his station, ordered him to fill the tank and then driven off without paying. The gas station attendant later testified that, at the time of this incident, Stoddard was driving the car. When arrested, Stoddard had the car's keys in his possession.

After arresting the two suspects for the theft of the gasoline, the Oregon State Police received a report from the Boise Police Department that the car had been stolen earlier in the day. The car belonged to a Boise man who had parked it in a downtown parking lot and left the keys in the ignition. When he returned for the keys during his lunch hour, he found the car missing. Near the space where he had parked the car, he found a "Slim Jim"—a piece of wire coat hanger with a hook fashioned at one end.

Stoddard and the juvenile were advised of their *Miranda* rights and each signed a form acknowledging that they understood those rights. While at the police station in the company of two Oregon State Policemen, Stoddard was asked how long he had been in possession of the 280–Z. Both offi-

cers testified that in response to this question Stoddard admitted participating in the theft of the car. While the propriety of admitting this testimony was challenged in the court below, it has not been raised as an issue on this appeal.

Stoddard did not testify in his own behalf, but his juvenile companion did. The juvenile, who had a lengthy arrest record for car theft, testified that he was the person who stole the 280–Z. He said that on July 21, 1980, he had escaped from the juvenile detention center in Ada County. After escaping, he contacted several friends in Boise, including Daniel Stoddard. The next morning, knowing that the police would be looking for him, he decided to steal a car to leave Boise. While he was on his way to Stoddard's house, he found the 280–Z parked with the keys in the ignition. He broke into the car and drove it to Stoddard's residence, where he asked Stoddard to accompany him to Oregon. Stoddard, who had a girl friend in Salem, readily agreed. He did not tell Stoddard that the car was stolen, but instead related that he had borrowed it from a rich girl friend.

The weight to be given the juvenile's testimony was for the jury to decide. The jury's determination was made in light of other evidence, presented at the beginning of the state's case, which is the point of controversy on appeal. This evidence showed that on the day of the theft, July 22, Stoddard had been scheduled to appear in magistrate court in Boise for a preliminary hearing. He there faced a felony charge involving the theft of a Chevrolet Corvette on July 15.[1] Because Stoddard did not appear in court on the 22nd, a bench warrant was issued for his arrest. Before trial in the instant case, Stoddard filed a motion in limine to exclude evidence of the Corvette theft. The court denied the motion.

The first witness called by the state was a magistrate judge. Over defendant's ob-

---

1. The appeal of this earlier case is reported in *State v. Stoddard,* 105 Idaho 169, 667 P.2d 272 (Ct.App.1983).

jection he was permitted to testify that a criminal complaint charging theft of the Corvette was signed before him on July 15. He further testified that on July 15 he arraigned Stoddard on that charge, scheduled a preliminary hearing for July 22 and set bond at $300. In addition, the state offered in evidence a certified copy of the criminal complaint charging defendant with the felony theft of the Corvette. The trial judge admitted the evidence over Stoddard's objection that it was not relevant and was extremely prejudicial. The court ruled it was relevant to prove "motive or intent." The state then called a clerk of the court to testify that Stoddard, who had been released upon posting the bond, failed to appear at the preliminary hearing scheduled for July 22 in the Corvette case; that the presiding magistrate had issued an order for a bench warrant; and that the magistrate had set Stoddard's bail at $8,000 on the warrant. The state introduced a copy of the motion and order for the bench warrant. Over Stoddard's objection that the exhibit was irrelevant and "highly prejudicial," it was admitted.

■ It has been a rule of our common law for three centuries that evidence that an accused has committed other crimes is not generally admissible to show that he is guilty of the crime for which he is on trial.

> [T]his policy of exclusion . . . has received judicial sanction, more emphatic with time and experience. It represents a revolution in the theory of criminal trials, and is one of the peculiar features of vast moment, which distinguishes the Anglo-American from the Continental system of Evidence. . . .

1 WIGMORE, EVIDENCE § 194 (1940). Our own Supreme Court has long recognized the importance of this rule. In *State v. Garney,* 45 Idaho 768, 775, 265 P. 668, 670 (1928), the court said:

> The general rule is, that when a man is put upon trial for one offense, he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone, and that, under ordinary circumstances, proof of his guilt of one or a

score of other offenses in his lifetime, wholly unconnected with that for which he is put upon trial, must be excluded.

Likewise, in *State v. Larsen,* 42 Idaho 517, 520, 246 P. 313, 313 (1926), the court declared:

> It is utterly repugnant to fairness and justice to accuse a person with the perpetration of a specific and definite crime, and then make that a pretext for trying him, without notice, for another alleged offense against which he is unprepared to defend, thereby producing a prejudice and bias against him in the minds of the jury.

The strongest reason advanced for the general exclusion of evidence of other crimes to establish the guilt of the accused is that such evidence is likely to mislead the jury, permitting them to improperly draw the inference that if the accused committed a similar crime before, he probably did so again on the occasion of the offense charged. *State v. Shepherd,* 94 Idaho 227, 229, 486 P.2d 82, 84 (1971).

■ Idaho appellate courts have continued to embrace the rule that evidence of unrelated criminal activity is generally inadmissible to show that the accused committed the crime for which he is on trial. *State v. Abel,* 104 Idaho 865, 664 P.2d 772 (1983); *State v. Needs,* 99 Idaho 883, 591 P.2d 130 (1979); *State v. Wrenn,* 99 Idaho 506, 584 P.2d 1231 (1978). *Cf. State v. Boothe,* 103 Idaho 187, 646 P.2d 429 (Ct. App.1982). For evidence of another crime to be admissible to prove the guilt of the defendant for the crime charged "[t]here must be a causal relation or logical and natural connection between the two acts, or they must form parts of but one transaction." *State v. Garney,* 45 Idaho at 775, 265 P. at 670; *State v. Jones,* 62 Idaho 552, 561, 113 P.2d 1106, 1109 (1941). Thus, evidence of an accused's past criminal activity is admissible only when relevant to prove: (1) motive, (2) intent, (3) the absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, (5)

the identity of the person charged with the commission of the crime on trial, and (6) other similar issues. *State v. Abel, supra; State v. Needs, supra; State v. Wrenn, supra; State v. Shepherd, supra; State v. Boothe, supra.*

The admission of such evidence is, of course, within the discretion of the trial judge. *State v. Abel, supra. See State v. Terry,* 98 Idaho 285, 561 P.2d 1318 (1977). However, the discretion is not unbridled. The import and limitations of this discretion have been described as follows.

[T]his is not a discretion to depart from the principle that evidence of other crimes, having no substantial relevancy except to ground the inference that [the] accused is a bad man and hence probably committed this crime, must be excluded. *The leeway of discretion lies rather in the opposite direction, empowering the judge to exclude the other-crimes evidence, even when it has substantial independent relevancy, if in his judgment its probative value for this purpose is outweighed by the danger that it will stir such passion in the jury as to sweep them beyond a rational consideration of guilt or innocence of the crime on trial.* Discretion implies not only leeway but responsibility. A decision clearly wrong on this question of balancing probative value against danger of prejudice will be corrected on appeal as an abuse of discretion. [Emphasis added.]

McCORMICK, HANDBOOK OF THE LAW OF EVIDENCE § 190 (Cleary ed. 1972). We believe the same limitations apply to admission of evidence showing that the defendant has been charged with other crimes.

The state contends here that the evidence of the Corvette theft charge, and the charge of failure to appear in the Corvette case, showed Stoddard's intent and motive in stealing the 280–Z. The trial judge so held. We will first discuss the use of such evidence to prove intent.

It appears to be a general rule that "[i]n those instances where, from the nature of the offense under inquiry, proof of its commission as charged carries with it the evident implication of a criminal intent, evidence of the perpetration, or attempted perpetration, of other like offenses will not be admitted." 29 AM.JUR.2d *Evidence* § 324 (1967). "In other words, where the act charged against the defendant itself characterizes the offense, the guilty intent is proven by proving the act," and evidence of other crimes is not necessary or admissible to establish the accused's intent. *State v. Smith,* 103 Wash. 267, 174 P. 9, 9 (1918). We note that the trial court in the present case recognized this principle by instructing the jury as follows: "The intent with which an act is done is manifested by the circumstances attending the act, the manner in which it is done, the means used, and the sound mind and discretion of the person committing the act."

In *Fallen v. United States,* 220 F.2d 946 (5th Cir.1955), the appellant was charged with receiving, transporting and disposing of two stolen automobiles, a 1952 Cadillac and a 1952 Pontiac. Specifically, he was accused of changing the serial numbers on the stolen automobiles so as to facilitate their disposal on the black market. At trial, the government produced evidence, over objection from the appellant, that on another occasion two stolen Oldsmobiles had been brought to his garage where he had altered their identification numbers. The government contended the evidence was necessary to establish the appellant's state of mind and his criminal intent. The court, however, held that if the appellant had in fact altered the serial numbers on the Cadillac and the Pontiac, there was no real question of his criminal intent. "Proof of the commission of the act carried with it the evident implication of a criminal intent. In such instances, evidence of the perpetration of other like offenses is not needed to establish criminal motive or intent and is not admissible for such purpose." *Id.* at 948. Accordingly, the court reversed the appellant's conviction.

In accord with these authorities, we conclude that it was error for the court to

admit evidence of the theft of the Corvette on the theory that it was relevant and necessary to prove intent to steal the 280–Z. There was ample evidence from which Stoddard's criminal intent could have been determined, without the necessity of introducing highly prejudicial evidence that he had been charged with stealing another car a week earlier. It is equally obvious that Stoddard's failure to appear for his preliminary hearing was a crime entirely distinct from the theft of the 280–Z. Evidence of that charge was not relevant to, and shed no light upon, the question of his intent in taking the car.

We likewise find no merit in the state's argument that evidence of the other charges was admissible to show Stoddard's motive. By introducing evidence of these charges, the state sought to establish that Stoddard's motive for stealing the 280–Z was to flee the state to avoid imminent criminal prosecution. Motive is not an element of the crime of grand larceny. The issue of motive is not raised by a defendant's plea of not guilty, nor was the issue otherwise raised by Stoddard in this case. Moreover, the theft of a valuable sports car, such as a 280–Z, requires no such roundabout explanation. It was therefore not necessary for the state to present evidence of the other charges to establish Stoddard's motive for stealing the car.

The fact that Stoddard may have had reason to flee the state to avoid prosecution on another charge is hardly probative of any of the elements of grand larceny. Whatever probative value such evidence had must be balanced against its prejudicial effect. *State v. Abel, supra.* That process leads us to conclude that the need for and relevancy of the evidence of the other charges was slight when compared to its highly prejudicial effect. The use of a magistrate as the state's first witness—to establish merely that a criminal charge had been filed against Stoddard, and that Stoddard was aware of the charge and of the need to appear at a preliminary hearing— would likely have had a highly prejudicial impact. This effect was amplified when the court allowed evidence of a second charge, "bail jumping," to go the jury, with information that Stoddard's bail had been increased from $300 to $8,000.

Parenthetically, we note that while the evidence of charges relating to the Corvette theft and failure to appear for a preliminary hearing was admitted for the purpose of showing Stoddard's "intent and motive" to steal the 280–Z on July 22, the trial judge gave no instruction to the jury explaining this limited purpose. In a case where evidence of other crimes has significant probative value on questions of motive or intent, it is appropriate to admit the evidence and to instruct the jury concerning its limited purpose. *See, e.g.,* CALJIC 2.50 (1979 Revision). However, in the present case, where the evidence had little or no probative value, it was error to admit it. The off-setting prejudice was so great that error would not have been cured by such an instruction. We hold that the trial judge committed reversible error in admitting the evidence. Stoddard's conviction must be reversed and the case remanded for a new trial.

Stoddard also asserts that the trial court erred in failing to give a requested jury instruction concerning the sufficiency of circumstantial evidence. The record on appeal does not show that Stoddard presented the court with any written requested instruction. Therefore, the record does not show exactly what he requested of the judge. Accordingly, we cannot say that it was error for the trial court not to comply with the request. However, in his brief, appellant more clearly identifies the issue by arguing that the court should have given the following instruction approved in *State v. Holder,* 100 Idaho 129, 132, 594 P.2d 639, 642 (1979):

You are not permitted to find the defendant guilty of the crime charged against him based on circumstantial evidence unless the proved circumstances are not only consistent with the theory that the defendant is guilty of the crime, but cannot be reconciled with any other rational conclusion and each fact which is

essential to complete a set of circumstances necessary to establish the defendant's guilt has been proved beyond a reasonable doubt.

Also, if the evidence is susceptible of two reasonable interpretations, one of which points to the defendant's guilt and the other to his innocence, it is your duty to adopt the interpretation which points to the defendant's innocence, and reject the other which points to his guilt.

Because this case is being remanded for a new trial we believe it is our duty to offer guidance to the trial court on whether a *Holder*-type instruction should be given. I.C. § 1–205. It is clear that such an instruction, when requested, must be given where the state's evidence against a defendant is entirely circumstantial. *State v. Holder, supra; State v. Davis,* 69 Idaho 270, 206 P.2d 271 (1949); *State v. Curry,* 103 Idaho 332, 647 P.2d 788 (Ct.App.1982). On the other hand, where the state's evidence was said not to be entirely circumstantial, the failure or refusal of the trial court to give a *Holder*-type instruction has been held not to be error. *State v. Smoot,* 99 Idaho 855, 590 P.2d 1001 (1978); *State v. Swenor,* 96 Idaho 327, 528 P.2d 671 (1974); *State v. Goodrick,* 95 Idaho 773, 519 P.2d 958 (1974); *State v. Puckett,* 88 Idaho 546, 401 P.2d 784 (1965). A modified *Holder*-type instruction is proper where the evidence offered by the state to prove *some* of the essential elements of the crime is entirely circumstantial in nature. *State v. Price,* 93 Idaho 615, 469 P.2d 544 (1970).

Moreover, it is recommended that where the evidence is substantially circumstantial, the court give an instruction that both direct and circumstantial evidence are proper means of proof, explaining the distinction between direct and circumstantial evidence. *Goodrick,* supra. *See State v. Swenor,* 96 Idaho 327, 334, 528 P.2d 671, 678 (1974) (Bakes, J., dissenting, but concurring with majority opinion in reference to instructions concerning circumstantial evidence). An example of such an instruction is Idaho Jury Instructions (IDJI), No. 123 (1982).

In the present case the admissible evidence relied upon by the state to establish Stoddard's guilt cannot be said to be entirely circumstantial. Following the Supreme Court rulings in *Smoot* and *Swenor,* we must conclude that on a retrial it would not be reversible error to refuse the instruction if the evidence follows the same pattern as existed in the first trial. Moreover, we note that the use of a *Holder*-type instruction in cases where the state relies substantially on out-of-court admissions of the defendant may present special problems which should be considered by the trial judge. *See People v. Gould,* 54 Cal.2d 621, 7 Cal.Rptr. 273, 354 P.2d 865 (1960).

Judgment of conviction is reversed and the cause is remanded for further proceedings.

BURNETT, J., and McFADDEN, J., Pro Tem., concur.