691 P.2d 1281

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Kim THOMSON, Defendant-Appellant.**

No. 15347.

Court of Appeals of Idaho.

Nov. 27, 1984.

Larry Michael Dunn, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Steven W. Berenter, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Kim Thomson was tried before a jury on four counts of forgery. Each count alleged that he had passed a forged check drawn on another person's bank account. The jury found him guilty on one count and not guilty on two counts. The jury was unable to reach a verdict on the remaining count and the court dismissed that charge. Thomson appeals from his conviction on the count. The sole issue relates to the admission of evidence showing other wrongful conduct. We affirm.

The offense on which Thomson was found guilty was alleged to have occurred on October 21, 1982. During trial the state presented testimony from a person who had been living with Thomson at the time of the alleged forgeries. She stated that she had observed Thomson filling out blank

checks, which did not belong to him, sometime during the period of mid-September to mid-October 1982. She did not remember whose names were on those checks. She stated that Thomson signed the signature line of the checks with "whatever name was on the check." Asked by the prosecutor whether Thomson had made any statements about using his own identification or driver's license to pass forged checks, the witness replied, "He said something to the effect he had used his own I.D. or was planning to." The testimony of this witness was allowed over objection by Thomson as to its relevancy. The trial court overruled the objection on the grounds the evidence was probative of knowledge and intent in passing forged checks.

Thomson argues that admission of this testimony violated the general rule against admitting proof of "prior bad acts" in a criminal prosecution. We disagree. In *State v. Eubanks*, 86 Idaho 32, 383 P.2d 342 (1963) our Supreme Court said:

> The rule that evidence of another offense is not admissible in a criminal trial is subject to the several exceptions or limitations. Evidence of other forgeries is admissible in a forgery prosecution for the purpose of proving intent, motive, scienter or guilty knowledge, identity or for the purpose of showing that the particular crime charged was a part of a system, scheme or plan. Annotation 34 A.L.R.2d 777.

86 Idaho at 37, 383 P.2d at 345. The Supreme Court in *Eubanks* upheld the admission in evidence of forged checks allegedly passed by the defendant other than the one upon which he was being tried. In so holding, the Court relied on the earlier case of *State v. Lowe*, 50 Idaho 96, 294 P. 339 (1930). In *Lowe* the defendant was charged with forging an order for the issuance of a school district warrant. The prosecution offered evidence of four other similar orders upon which the signatures of the school district officers were forged.

Proof was offered to show such orders and simulated signatures were made by the defendant, and that the defendant had cashed at least two of those orders. Upholding the admission of the similar forgeries, the Court said:

> "It is claimed there was error in receiving proof of defendant's participation in these other forgeries of similar orders. We think motive may be shown by proof of other acts by a defendant, showing a general scheme in the carrying out of which the crime charged is a distinct crime, even though other similar transactions proved, in showing such general scheme, may constitute independent crimes of a similar nature."

50 Idaho at 100, 294 P. at 340.

 Where evidence is relevant and otherwise admissible it may nevertheless be excluded if the prejudicial effect of such evidence outweighs its probative value. It is well established that this decision is addressed to the sound discretion of the trial court and that exercise of such discretion will not be disturbed unless it is found to have been abused. *State v. Stoddard*, 105 Idaho 533, 670 P.2d 1318 (Ct.App.1983). Here the trial court was not requested by either the prosecution or the defense to engage in a balancing or weighing of prejudicial effect against probative value. The court was called upon simply to decide whether the evidence was relevant i.e., probative of any issues in the case. We believe the court properly decided the issue presented and that the balancing test would not have resulted in exclusion of the evidence.[1]

The judgment of conviction is affirmed.

BURNETT and SWANSTROM, JJ., concur.

---

**1.** We note also that the trial court, consistent with *Eubanks,* gave a cautionary instruction to the jury advising, in essence, that the questioned evidence could be considered for the limited purpose of determining intent, identity or knowledge but not to prove the defendant was a person of bad character or that he had a disposition to commit other crimes.