845 P.2d 1211

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Thomas G. PHILLIPS, Defendant–Appellant.**

**No. 19573.**

Supreme Court of Idaho,
Twin Falls, November 1992 Term.

Jan. 28, 1993.

Crabtree & Carlson, Twin Falls, for defendant-appellant. Monte B. Carlson, argued.

Larry EchoHawk, Atty. Gen., and Michael A. Henderson, Deputy Atty. Gen., argued, Boise, for plaintiff-respondent.

McDEVITT, Justice.

## NATURE OF THE CASE

Appellant, Thomas G. Phillips ("Phillips"), appeals from the judgment of conviction and order of commitment of the district court. Phillips was charged with and convicted of one count of sexual abuse of a minor under the age of sixteen, in violation of I.C. § 18–1506. For this conviction, the court sentenced Phillips to a determinate term of fifteen years in prison. On appeal, Phillips argues that the district court erred by allowing the State to adduce testimony of "other crimes;" by rejecting his proposed jury instruction regarding evidence susceptible of different constructions or interpretations; and in sentencing him to a determinate fifteen year prison term. For the reasons set forth below, we affirm the decision of the district court.

## BACKGROUND AND PRIOR PROCEEDINGS

On October 5, 1990, a criminal complaint was filed against Phillips, praying for the issuance of an arrest warrant against Phillips for two counts of sexual abuse of a minor under the age of sixteen, in violation of I.C. § 18–1506. The victim was a minor girl who was Phillips' niece and was friends with his daughter. After an arrest warrant was issued, Phillips appeared before the magistrate on October 10, 1990, and pled not guilty to the charges. The court released Phillips on bond, conditioned upon Phillips not having contact with certain people.

On November 2, 1990, Phillips appeared before the magistrate for a preliminary hearing. At the hearing, the magistrate denied the State's motion to quash Phillips' subpoenas, the State's motion for a closed hearing, and Phillips' motion to dismiss. After testimony by the victims, the magistrate found probable cause to believe that the crimes were committed. An order holding Phillips to answer to the district court was entered on November 7, 1990.

On November 19, 1990, an information containing the two counts of sexual abuse of a minor under sixteen was filed against Phillips.

On December 3, 1990, Phillips moved for severance of the charges due to prejudice by the joinder, for dismissal because the preliminary hearing was held more than twenty-one days after Phillips' initial appearance, and for preparation of the preliminary hearing transcript at the State's expense. The court denied the motions to dismiss and prepare the preliminary hearing transcript, and granted the motion for severance.

On February 14, 1991, Phillips filed a motion to prevent the State "from mentioning, referring to, or otherwise suggesting Thomas G. Phillips has been accused of other sexual misbehavior." The motion was based on I.R.E. 403 and 404(b). The court heard argument on the motion on February 25, 1991, and it issued an order partially granting Phillips' motion. In its order, the district court ruled that before the State could mention other accusations of sexual misbehavior, it must make an offer of proof outside of the presence of the jury.

On March 12, 1991, Phillips filed his requested jury instructions. Among other instructions, Phillips requested an instruction regarding evidence susceptible of two constructions or interpretations; an instruction commonly referred to as a "*Holder*" or "*Holder*-type" instruction.

On May 14, 1991, Phillips filed a motion to dismiss the first count of sexual abuse of a minor under sixteen. The motion was made in the "[i]nterest of justice." The court granted the motion on the same day.

Jury selection began on May 7, 1991, and trial was held from May 8 to 10, 1991.

During the trial, the court allowed three women to testify regarding Phillips' sexual acts with them when they were minors. On May 10, 1991, the court read the jury its instructions, which did not include Phillips' requested instruction regarding evidence susceptible of two constructions or interpretations. On the same day, the jury returned its verdict of guilty.

Phillips' sentencing hearing was held on September 16, 1991. Phillips was sentenced to a determinate term of fifteen years in prison, the court retained jurisdiction for one-hundred twenty days, and Phillips was released on bond. The court entered its judgment of conviction and order of commitment on September 19, 1991.

Phillips filed a notice of appeal on October 7, 1991. The notice was filed pursuant to I.A.R. 11(c)(1). Phillips appealed from the "Judgment of Conviction and Order of Commitment dated September 19, 1991."

## ANALYSIS

In order to resolve this appeal, we must address the following questions:

I. Did the district court correctly apply rules of evidence when it allowed the three women, who were not victims in this case, to testify regarding their accusations of Phillips' sexual misbehavior with them when they were minors?

II. Did the district court err when it refused to give Phillips' requested jury instruction regarding evidence susceptible of two constructions or interpretations?

III. Is Phillips' determinate fifteen year sentence reasonable?

## I.

DID THE DISTRICT COURT CORRECTLY APPLY RULES OF EVIDENCE WHEN IT ALLOWED THE THREE WOMEN, WHO WERE NOT VICTIMS IN THIS CASE, TO TESTIFY REGARDING THEIR ACCUSATIONS OF PHILLIPS' SEXUAL MISBEHAVIOR WITH THEM WHEN THEY WERE MINORS?

 The specific ruling in this case, dealing with the admissibility of evidence which came in the form of testimony regarding other crimes, wrongs, or acts, is governed by the following provisions of the Idaho Rules of Evidence:

**Rule 403. Exclusion of relevant evidence on grounds of prejudice, confusion, or waste of time.**—Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

**Rule 404. Character evidence not admissible to prove conduct; exceptions; other crimes.**—

. . . . .

(b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The testimony of the three women reveals that, when they were minors, they were friends of Phillips' daughters, that Phillips invited them into his garage to view pornographic materials, and that Phillips touched them in inappropriate areas.

This Court has recently dealt with this type of testimony in *State v. Tolman*, 121 Idaho 899, 828 P.2d 1304 (1992), and *State v. Moore*, 120 Idaho 743, 819 P.2d 1143 (1991). In *Moore*, the defendant was charged with lewd conduct with a minor and sexual abuse of a child, involving acts with his granddaughter. He filed a motion in limine to exclude certain testimony regarding uncharged sexual misconduct with his daughter and step-daughter. The district court denied the motion, finding the testimony to be admissible as indicative of a common scheme or plan, probative of his motives or lustful disposition toward children, and indicative of specific intent.

On appeal, the defendant argued that the district court erred in admitting the testimony of uncharged sexual misconduct. This Court affirmed the district court. In affirming, we noted that the balancing necessary to determine the admissibility of this type of evidence falls within the discretion of the district court. *Moore*, 120 Idaho at 745, 819 P.2d at 1145. In addition, we stated that this testimony demonstrated a common scheme or plan, *i.e.*, the defendant's "general plan to exploit and sexually abuse an identifiable group of young female victims," the victims more specifically being "young female children living within his household." *Moore*, 120 Idaho at 745, 819 P.2d at 1145. Furthermore, we held that the testimony was relevant to the issues of corroboration and credibility. In this regard, we noted that corroboration is not mandatory in all sex cases, *State v. Byers*, 102 Idaho 159, 627 P.2d 788 (1981), but may still be relevant in sex crime cases involving minor victims, *State v. Schwartzmiller*, 107 Idaho 89, 685 P.2d 830 (1984). *Moore*, 120 Idaho at 745–46, 819 P.2d at 1145–46. Finally, we stated that evidence of prior sexual misconduct has long been admissible where relevant to the party's credibility. *Moore*, 120 Idaho at 746, 819 P.2d at 1146.

In *Tolman*, the defendant was convicted of two counts of lewd and lascivious conduct and one count of sexual abuse. The district court admitted testimony of uncharged prior sexual misconduct between the defendant and the three victims on the basis of common scheme or plan.

On appeal, this Court affirmed the district court. In affirming, we stated that *Moore* dealt with the same issue. *Tolman*, 121 Idaho at 903–04, 828 P.2d at 1308–09. Applying the principles of *Moore* to the *Tolman* case, we stated:

The evidence shows that Tolman typically targeted young male victims. The evidence further shows that Tolman shrewdly won over his victims' confidence, trust, and friendship by inveigling them to accompany him on various errands and adventures (taking them camping and inviting them to his home, etc.). Having thus secured their confidence, Tolman then subjected his victims to sexual abuse.

*Tolman*, 121 Idaho at 905, 828 P.2d at 1310. After considering this testimony with the testimony of the minor victim and that of the defendant, we recognized that:

[T]he jury was better able to compare patterns and methods, details and generalities, consistencies and discrepancies, and thereby made a more meaningful and accurate assessment of the parties' credibility.

*Tolman*, 121 Idaho at 905, 828 P.2d at 1310.

In this case, Phillips pled not guilty to the charge and did not testify at trial. Thus, Phillips' defense theory was that the alleged acts never happened. This type of posture at trial places the credibility of the victim squarely in issue for the jury to decide. In other words, the jury must decide whether to believe or disbelieve the testimony of the victim. Testimony of prior sexual misconduct is admissible where the party's credibility is at issue. *Moore*, 120 Idaho at 746, 819 P.2d at 1146.

The testimony by the three women, when considered along with the victim's testimony, demonstrated Phillips' "general plan to exploit and sexually abuse an identifiable group of young female victims," *Moore*, 120 Idaho at 745, 819 P.2d at 1145, the identifiable group being minor females who were relatives or friends of Phillips' daughters and visited Phillips' home. However, we reiterate that not all testimony of prior sexual misconduct will fall under this protective cloak. Instead, the proffered testimony must pass muster under I.R.E. 403. *Tolman*, 121 Idaho at 905, 828 P.2d at 1310. In this regard, the trial court weighed the proffered testimony and determined that it would be more helpful to the jury in determining the credibility of the victim's testimony than it would be prejudicial to Phillips. *See Tolman*, 121 Idaho at

905, 828 P.2d at 1310. The district court correctly applied the applicable rules of evidence to the offered testimony.

## II.

DID THE DISTRICT COURT ERR WHEN IT REFUSED TO GIVE PHILLIPS' REQUESTED JURY INSTRUCTION REGARDING EVIDENCE SUSCEPTIBLE OF TWO CONSTRUCTIONS OR INTERPRETATIONS?

■ Phillips requested the court to give the jury the following instruction:

### INSTRUCTION NO. ___.

You are instructed that, if the evidence in this case is susceptible of two constructions or interpretations, each of which appears to you to be reasonable, and one of which points to the guilt of the defendant, and the other to the defendant's innocence, it is your duty under the law to adopt that interpretation which will admit of the defendant's innocence, and reject that which points to the defendant's guilt.

You will notice that this rule applies only when both of the two possible opposing conclusions appear to you to be reasonable. If, on the other hand, one of the possible conclusions should appear to you to be reasonable and the other to be unreasonable, it would be your duty to adhere to the reasonable deduction and to reject the unreasonable, bearing in mind, however, that even if the reasonable deduction points to the defendant's guilt, the entire proof must carry the convincing force required by law to support the verdict of guilty.

In *State v. Holder*, 100 Idaho 129, 594 P.2d 639 (1979), this Court held that it was error to not give this type of instruction in a case based solely on circumstantial evidence. *Holder*, 100 Idaho at 132–33, 594 P.2d at 642–43. In *State v. Randles*, 117 Idaho 344, 787 P.2d 1152 (1990), we reaffirmed that this type of instructions must

be given in *"circumstantial evidence cases."* *Randles*, 117 Idaho at 350, 787 P.2d at 1158 (emphasis added). In *State v. Stoddard*, 105 Idaho 533, 670 P.2d 1318 (Ct.App.1983), the Court of Appeals recognized that "where the state's evidence was said not to be *entirely* circumstantial, the failure or refusal of the trial court to give a *Holder*-type instruction has been held not to be error." *Stoddard*, 105 Idaho at 539, 670 P.2d at 1324 (emphasis added), citing *State v. Smoot*, 99 Idaho 855, 590 P.2d 1001 (1978); *State v. Swenor*, 96 Idaho 327, 528 P.2d 671 (1974); *State v. Goodrick*, 95 Idaho 773, 519 P.2d 958 (1974); and *State v. Puckett*, 88 Idaho 546, 401 P.2d 784 (1965).

In the present case, the State's case did not rest entirely upon circumstantial evidence. In fact, the State relied in large part on the testimony of the victim. Although circumstantial evidence was present in the case, it was not the whole case. Therefore, we hold that the district court did not err in refusing to give the requested *Holder*-type instruction.

## III.

IS PHILLIPS' DETERMINATE FIFTEEN YEAR SENTENCE REASONABLE?

During oral argument, counsel for appellant withdrew this issue as being premature. Therefore, we decline to address it.

The decision of the district court is affirmed.

BAKES, C.J., and JOHNSON and TROUT, JJ., concur.

BISTLINE, Justice, dissenting.

This case following in the tradition of *State v. Moore*, 120 Idaho 743, 819 P.2d 1143 (1991), and *State v. Tolman*, 121 Idaho 899, 828 P.2d 1304 (1992), is yet another example of the Court putting its judicial rubber stamp of approval on the all too common practice of putting a defendant on trial for uncharged crimes. This practice is

nothing more than an obvious attempt to persuade the jury that "if he did it once, he did it this time too." That is exactly the kind of argument that I.R.E. 404(b) is supposed to prevent, and I dissent from this Court's continuing emasculation of the rule.

In my view, Justice Johnson's dissent in *State v. Moore* forcefully demonstrates why I.R.E. 404(b) does not permit the admission of the type of evidence admitted here.

> As I understand the scope of the 'common scheme or plan' exception, it is not enough that the other crime was similar to the offense charged. The crimes must have been perpetrated pursuant to a 'common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other.' I cannot accept the Court's conclusion that it is enough if there is a 'continuing series of alleged similar sexual encounters directed at the young female children living within [the accused's] household.'

*Moore*, 120 Idaho at 749, 819 P.2d at 1149 (Johnson, J. dissenting).

In this case, the alleged common scheme or plan started *sixteen years* before the charged events. To say events separated by such a long period of time constitute anything except evidence tending to show a general propensity to commit sex offenses simply strains credibility. Of course, I.R.E. 404(b) expressly forbids the admission of "[e]vidence of other crimes, wrongs, or acts to prove the character of the person in order to show that he acted in conformity therewith."

The majority also states the allegations against Phillips were admissible to corroborate the complaining witness's testimony. However,

> in this case, there was no requirement that the victim's testimony be corroborated.... Corroboration is not listed as an exception to the rule and there is no basis for us to perpetuate an exception that goes beyond the rule.

*State v. Moore*, 120 Idaho at 751, 819 P.2d at 1151 (Johnson, J. dissenting).

I agree with Justice Johnson's cogent analysis in *Moore*. While *Moore* may at one time have been palatable, its immediate demise would better serve the administration of justice in the Idaho system of criminal law.