918 P.2d 1225

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Michael S. SUNDQUIST, Defendant–Appellant.**

No. 21584.

Court of Appeals of Idaho.

May 13, 1996.

Petition for Review Denied July 24, 1996.

Stewart A. Morris, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Michael A. Henderson, Deputy Attorney General, Boise, for respondent. Michael A. Henderson argued.

LANSING, Judge.

Following a jury trial, Michael S. Sundquist was found guilty of felony injury to a child, I.C. 18–1501(1). Sundquist appeals from his judgment of conviction, contending that the trial court erred by declining to give a requested jury instruction on circumstantial evidence. We affirm.

## FACTS

At approximately 5 a.m. on July 24, 1993, Sundquist, his girl-friend, Dina Bay, and Bay's children had returned home from visiting friends. Bay went to bed, leaving Sundquist to care for M.B., Bay's eleven-month-old son. Shortly thereafter Sundquist summoned Bay because M.B. was bleeding badly from his rectum. The child was transported to a hospital where he was treated for a ruptured anus. According to the attending physicians, M.B.'s injury could not have been accidental and was inflicted by forcible pen-

etration. During interviews with police officers and in conversations with others, Sundquist generally denied being responsible for M.B.'s injuries. However, Sundquist did state to investigating officers and others that "if" he had caused the injury, it was because one of his hands was numb from prior work-related injuries. He said that he might have caused the injury by wiping the baby too hard when he was changing a diaper.

Sundquist was charged with felony injury to a child, I.C. § 18–1501(1). At the close of trial, Sundquist requested that an instruction be given to the jury regarding the utilization of circumstantial evidence in criminal cases. The district court refused Sundquist's requested instruction, and the jury returned a guilty verdict. On appeal, Sundquist cites as error the trial court's refusal to give a circumstantial evidence instruction.

## ANALYSIS

■ A jury must be instructed on "all matters of law necessary for their information." I.C. § 19–2132(a). Whether the jury was properly instructed is a question of law over which this Court exercises free review. *State v. Jones,* 125 Idaho 477, 873 P.2d 122 (1994).

In *State v. Holder,* 100 Idaho 129, 594 P.2d 639 (1979), our Supreme Court held that, if the evidence linking a defendant to a charged crime is entirely circumstantial, the jury must be instructed regarding limitations upon the use of circumstantial evidence.[1] This rule was recently reiterated by the Supreme Court in *Jones, supra.*

■ Determining whether a *Holder* instruction is necessary requires close examination of the evidence upon which the prosecution has relied. Circumstantial evidence is that which "indirectly proves one of the facts

on which a party has the burden of proof in the case, by means of proving one or more facts from which the fact at issue may be inferred." *State v. Tate,* 122 Idaho 366, 370, 834 P.2d 883, 887 (Ct.App.1992), *quoting* IDJI 123 (1987). "Circumstantial evidence produces no witnesses who saw the questioned circumstance occur." *State v. Hix,* 58 Idaho 730, 734, 78 P.2d 1003, 1004 (1938); Comment to ICJI 203. Direct evidence, by contrast, is "the testimony of witnesses who, with their physical senses, perceived conduct constituting the offense, and whose testimony relates to what they thereby perceived." *State v. Bedwell,* 77 Idaho 57, 61, 286 P.2d 641, 644 (1955). As noted in the Comment to ICJI 203, there is a difference between direct evidence of facts and direct evidence of the defendant's guilt. Virtually all testimony from lay witnesses is direct evidence of the facts about which they testify, but such testimony is not direct evidence of the defendant's guilt if the jury must draw inferences from such facts in order to conclude that the defendant committed the crime.

■ Sundquist argues that none but circumstantial evidence pointed to him as the perpetrator of the crime against M.B. We do not agree. Direct evidence may be supplied by the defendant's own admissions. *Jones,* 125 Idaho at 489, 873 P.2d at 134; *State v. Bell,* 84 Idaho 153, 159, 370 P.2d 508, 511 (1962). Here, direct evidence comes from Sundquist's out-of-court statements. Bay, the victim's mother, testified that shortly after Sundquist alerted her to M.B.'s bleeding, he admitted that he had "wiped M.B.'s butt too hard." In addition, Sundquist's probation officer testified she had a telephone conversation with Sundquist during which Sundquist stated: "I admit I did it. I used my hand." Although the State also

---

1. The instruction approved in *Holder* states:

You are not permitted to find the defendant guilty of the crime charged against him based on circumstantial evidence unless the proved circumstances are not only consistent with the theory that the defendant is guilty of the crime, but cannot be reconciled with any other rational conclusion and each fact which is essential to complete a set of circumstances necessary to establish the defendant's guilt has been proved beyond a reasonable doubt.

Also, if the evidence is susceptible of two reasonable interpretations, one of which points to the defendant's guilt and the other to his innocence, it is your duty to adopt that interpretation which points to the defendant's innocence, and reject the other which points to his guilt.

*Id.* at 132, 594 P.2d at 642. A similar instruction has been adopted in Idaho's Criminal Jury Instructions as ICJI 203 (1995).

relied upon circumstantial evidence showing that M.B. was uninjured before being left alone with Sundquist, the testimony concerning Sundquist's admissions obviated the need for a *Holder* instruction.

 Sundquist also asserts that even when there is direct evidence connecting the defendant with the crime, a *Holder* instruction is required if the charged offense includes a specific intent element and there is no direct evidence establishing such intent. Sundquist predicates this argument upon language found in the Comment to ICJI 203.[2] This assertion is without merit, however, for the Idaho Supreme Court recently held that a *Holder* instruction was unnecessary in a case where intent was not proven through direct evidence. In *State v. Moore*, 126 Idaho 208, 211, 880 P.2d 238, 241 (1994), the defendant was charged with second degree murder. He asserted that the killing of his wife was accidental and that because the State had submitted no direct evidence on intent, the trial court was required to give a *Holder* instruction. The Supreme Court dismissed this argument with the following explanation:

> [T]his Court has rejected the proposition that a *Holder* instruction is required in cases where the State's case does not wholly rely on circumstantial evidence. In this case, intent was the only element of the State's case not proven through direct evidence. As such, it was not error for the trial court to refuse the requested instruction.

*Id.* at 211, 880 P.2d at 241 (citations omitted).

The statement in the Comment to ICJI 203 upon which Sundquist relies does not constitute authority overruling or modifying *Moore.* Accordingly, we hold that a circumstantial evidence instruction was not required on the issue of Sundquist's intent.

The district court's decision not to give a circumstantial evidence instruction was cor-rect. Therefore, we affirm the judgment of conviction.

WALTERS, C.J., and PERRY, J., concur.

---

**2.** The Comment states in part:
[A *Holder* instruction] should be given when there is no direct evidence of the elements of the crime; or when there is no direct evidence connecting the defendant to the crime; *or when there is no direct evidence that the defen-* *dant had a specific intent, knowledge, or state of mind* that is an element of the crime and the circumstantial evidence of such element is consistent with a rational conclusion that the defendant lacked such mental element.