887 P.2d 1071

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Timothy J. LABELLE, Defendant–Appellant.**

**No. 20649.**

Supreme Court of Idaho,
Moscow, October 1994 Term.

Jan. 6, 1995.

Knowlton, Miles, Merica & Brudie, P.A., Lewiston, for appellant. Charles E. Kovis argued.

Larry EchoHawk, Atty. Gen., and Lamont L. Anderson, Deputy Atty. Gen., Boise, for respondent. Lamont L. Anderson argued.

McDEVITT, Chief Justice.

## I.

### BACKGROUND AND PROCEDURE

In July 1992, Timothy J. LaBelle (LaBelle) was charged with two counts of lewd conduct with a minor in violation of Idaho Code § 18–1508. The complaint was subsequently amended twice to add a third count of lewd conduct with a minor and amend the dates of the alleged offenses. After a preliminary hearing, an information was filed in October of 1992, in conformity with the allegations of the amended complaint.

The first count of the information alleged that LaBelle committed the offense of lewd conduct with a minor upon S.C. by genital-genital contact on or about April of 1990 to July of 1990 (at which time S.C. was four years old). The second count of the information alleged that LaBelle committed the offense of lewd conduct with a minor upon A.C. by genital-genital contact on or about April of 1990 to July of 1990 (at which time A.C. was five and a half years old). The third count of the information alleged that LaBelle committed the offense of lewd conduct with a minor upon L.H. by genital-genital and/or manual-genital contact on or about October of 1987 to September of 1989 (at which time L.H. was four to six years old). All three of the alleged minor victims were girls.

Prior to trial, LaBelle filed a motion for physical examinations of the three alleged victims. LaBelle argued that, because no physical examinations of the victims had ever been conducted, the examinations were necessary to determine whether there was physical evidence of molestation. Although LaBelle maintained that the absence of such evidence would corroborate his assertion that he had not molested the three girls, LaBelle presented no expert testimony that a physical examination of the victims two to three years after the alleged molestations would likely provide relevant evidence. The district court denied LaBelle's motion, concluding that it did not have authority to order such an examination and, that even if it did, LaBelle had not made a sufficient showing of necessity.

LaBelle also filed a pre-trial motion in limine to exclude evidence that he had engaged in acts of molestation with victims other than the three children named in the information (specifically, his daughter and step-daughter). The district court heard the testimony of LaBelle's daughter and step-daughter before trial, but reserved ruling on LaBelle's motion in limine until the testimo-

ny of the three victims named in the information had been produced at trial.

C.J., LaBelle's daughter, testified that La-Belle began molesting her sixteen years before, when she was four years old. C.J. testified that her father had molested her by touching her vagina and breast area with his hands. Similarly, T.A., LaBelle's step-daughter, testified that LaBelle began molesting her fourteen years before, when she was nine years old, by rubbing his genitals against her and putting lotion on her genitals.

At trial in March 1993, the three victims described how they met LaBelle and how he had molested them. S.C. and A.C. were sisters who had contact with LaBelle because their mother had a social relationship with him. S.C. testified that LaBelle had fondled her vaginal area with his fingers. A.C. testified that LaBelle touched his genitals to hers and used lotion in the process of molesting her; she was unsure whether or not penetration had occurred.

L.H. had contact with LaBelle because her mother moved in with him and LaBelle continued to baby sit her even after her mother was no longer living with LaBelle. L.H. testified that LaBelle molested her when baby sitting by rubbing her vagina with his hand and penetrating her vagina with his penis. She testified that this penetration was painful.

After hearing the above testimony of the three victims, the district court heard argument from the parties on whether or not the testimony of C.J. and T.A. should be admitted pursuant to I.R.E. 404(b). The district court ruled that the evidence was admissible both to establish the credibility of the victims in this case and to show a common plan or scheme.

LaBelle was convicted of all three counts of lewd conduct with a minor. The district court sentenced him to three concurrent indeterminate sentences of twenty years with the minimum ten-year sentence fixed.

On direct appeal, LaBelle challenges the denial of his motion for physical examinations, the admission of the testimony of his daughter and step-daughter, and the length of his sentences.

## II.

## BECAUSE LABELLE PRESENTED NO EVIDENCE THAT PHYSICAL EXAMINATIONS OF THE VICTIMS WOULD LIKELY PRODUCE RELEVANT EVIDENCE, THE DISTRICT COURT DID NOT ERR IN DENYING THE MOTION FOR EXAMINATIONS

Previously, this Court has explicitly reserved the question of whether or not a court in a criminal case has authority to order a physical examination of the victim in *State v. Filson*, 101 Idaho 381, 613 P.2d 938 (1980). *Filson* was a sexual assault case in which the defendant moved for a physical examination of the adult victim arguing that it was necessary to determine her virginity. The defendant in *Filson* did not make a sufficient showing of necessity because he was unable to show that a court-ordered physical examination would have revealed additional information not already available from the physical examination that had been conducted shortly after the assault took place. That initial examination had revealed no damage to the hymenal ring or vagina of the victim and no motile sperm or seminal fluid were detected. Accordingly, we concluded that the district court in *Filson* did not err in denying the motion and explained that:

> As it is unnecessary to the resolution of this case to decide whether the court had power under I.R.C.P. 35(a) [providing for physical examination of a party in civil cases when the physical condition of the party is in controversy] or inherent power because the court declined to exercise it, we leave that question for another day when the resolution of such question may be necessary.

*Id.* at 384, 613 P.2d at 941.

■ LaBelle makes the same arguments in support of his contention that a court has authority to order physical examination of a

victim that were put forth in *Filson*.[1] Also as in *Filson*, the district court here concluded that LaBelle had not made a sufficient showing of necessity to support the motion for physical examinations.

LaBelle argues that this case is distinguishable from *Filson*, and that sufficient necessity was therefore established, because no physical examination of any of the three child victims was ever conducted. However, LaBelle's argument does not address his failure to present any evidence tending to show that an examination of the three children two to three years after the last alleged incident of abuse would have produced relevant evidence. While LaBelle's counsel argued that it was "real likely" there would be physical evidence of scarring and damage to the hymen if intercourse had occurred, the district court correctly ruled that counsel's assertion of personal knowledge unsupported by any evidence was insufficient. Moreover, the district court also pointed out that corroboration or refutation of penetration was not dispositive because penetration was not an element of the charged offense. Accordingly, we affirm the district court's denial of LaBelle's motion for physical examinations and explicitly reserve ruling on whether Idaho courts have inherent authority to order such examinations.

## III.

## THE EVIDENCE OF OTHER ACTS WAS RELEVANT AND THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN RULING THAT ITS PROBATIVE VALUE WAS NOT SUBSTANTIALLY OUTWEIGHED BY ITS PREJUDICIAL EFFECT

The district court's ruling, pursuant to I.R.E. 404(b), admitting evidence that LaBelle committed other acts of molestation is subject to free review on appeal as to relevancy. *See State v. Grube*, 126 Idaho 377, 883 P.2d 1069 (1994) (utilizing de novo review of relevancy under I.R.E. 404(a)). The district court's ruling that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice may be overturned only for an abuse of discretion. *State v. Lewis*, 126 Idaho 77, 82, 878 P.2d 776, 781 (1994).

■ LaBelle argues that C.J.'s and T.A.'s testimony that LaBelle sexually molested them as children was irrelevant. We review that argument by turning to *State v. Moore*, 120 Idaho 743, 819 P.2d 1143 (1991). The factual similarities between the two cases are striking: both Moore and LaBelle were charged with lewd conduct with a minor girl under ten years old and the state in both cases sought to introduce evidence of other acts of molestation occurring years earlier with two girls who at that time were also under ten years old; in both Moore's and LaBelle's trials the two other victims of earlier molestation who testified were the daughter and step-daughter of each defendant; finally, in both cases the molestation for which each defendant was tried was of a victim or victims who the defendant had access to by virtue of some connection to a parent of the victim (Moore molested his granddaughter). In *Moore* we ruled that the evidence was relevant to show a "general plan to exploit and sexually abuse an identifiable group of young female victims." *Moore*, 120 Idaho at 745, 819 P.2d at 1145. LaBelle offers no basis for distinguishing the rationale of *Moore* and we therefore apply it here. We hold that the testimony of C.J. and T.A. was relevant and next proceed to determine whether the district court abused its discretion in ruling that the probative value was not substantially outweighed by the danger of unfair prejudice.

■ LaBelle maintains that because all three of the children with whom he was charged with having engaged in lewd conduct testified against him, the evidence of other acts was so cumulative that the district court abused its discretion by not concluding that

---

1. In his brief, LaBelle argued one additional basis: that a physical examination of the victim is within the scope of investigative services guaranteed an indigent defendant in I.C. § 19–852(a). However, at oral argument LaBelle's counsel abandoned that argument and conceded that this statute would only be implicated after resolving the threshold question of whether a court has authority to order such an examination.

the probative value was substantially outweighed by the danger of unfair prejudice. We disagree. The district court carefully limited the testimony of C.J. and T.A. to only those acts most similar to the acts for which LaBelle was on trial. Moreover, before the two women testified, and again at the conclusion of the trial, the district court instructed the jurors that they could not consider the uncharged acts in determining LaBelle's guilt or innocence. We must presume the jury followed those instructions in the absence of any evidence to the contrary.

LaBelle also argues that the district court abused its discretion in admitting the evidence because of the remoteness in time of the incidents described. Although "[t]he issue of remoteness generally goes to the weight of the evidence, not its admissibility," *Moore*, 120 Idaho at 746, 819 P.2d at 1146, in *Moore* we considered the remoteness of the "other acts" evidence as a factor in determining whether admission of the evidence constituted an abuse of discretion.[2]

In *Moore*, one of the "other acts" of lewd conduct took place from 1977 to 1981; the second "other act" of lewd conduct took place from 1969 to 1973. Moore was charged on the basis of lewd conduct that took place in 1984–85. There was no evidence presented that Moore committed any "other acts" of lewd conduct between 1973 and 1977. *Id.* at 744, 819 P.2d at 1144.

LaBelle began abusing C.J. in 1977 and stopped sometime during 1985 or 1986. LaBelle began abusing T.A. in 1979 and ended sometime during 1980. LaBelle then began his abuse of L.H. in approximately 1987 or 1988.

In *Moore* we held that the evidence of other acts was not too remote in time because "the incidents of sexual abuse occurred at approximately the same age for each girl" and "the testimony demonstrates an alleged continuous chain of similar events, each occurring during the period of time Moore had

an opportunity to commit similar offenses." *Id.* at 747, 819 P.2d at 1147.

In this case, at the time that LaBelle began to molest C.J. she was very close to the age that L.H., S.C., and A.C. were when LaBelle engaged in lewd conduct with them. Similarly, at the time LaBelle began to abuse T.A. she was only a few years older than the age L.H., S.C., and A.C. were when LaBelle engaged in lewd conduct with them. Also, because LaBelle's abuse of C.J. and T.A. overlapped, the evidence of "other acts" abuse by LaBelle was even more of a "continuous chain" of conduct than in *Moore*. Therefore, we hold that the "other acts" evidence was not so remote that the district court abused its discretion in concluding that the probative value was not substantially outweighed by the danger of unfair prejudice.

## IV.

## THE SENTENCES IMPOSED BY THE DISTRICT COURT WERE NOT AN ABUSE OF DISCRETION

Because LaBelle was sentenced to three concurrent indeterminate sentences of twenty years with a fixed ten-year sentence under the Unified Sentencing Act, this Court reviews the fixed terms as the term of confinement, overturning the sentences only if their imposition was an abuse of discretion. *State v. Ransom*, 124 Idaho 703, 713, 864 P.2d 149, 159 (1993), *cert. denied*, — U.S. —, 114 S.Ct. 1227, 127 L.Ed.2d 571 (1994).

■ LaBelle argues that the sentences imposed were unreasonable because of the following considerations: the absence of a prior felony conviction; his good employment history in both the military and the private sector; the fact that the offenses for which he was convicted did not involve violence; and the availability of probation with comprehensive terms as an alternative sentence.

However, LaBelle was convicted of three separate acts of lewd conduct with a minor and evidence was presented showing that

---

2. In *Moore* we discussed remoteness in determining both whether the evidence was "irrelevant or unfairly prejudicial." *Moore*, 120 Idaho at 747, 819 P.2d at 1147. Having already ascertained that the evidence of other acts in this case was

relevant, we consider remoteness only as it relates to whether the district court abused its discretion in holding that the probative value was not substantially outweighed by the danger of unfair prejudice.

LaBelle had previously molested both his daughter and step-daughter. A psychological evaluation of LaBelle prepared as part of the pre-sentence investigation concluded that he was at risk to offend again.

The district court considered all of this information in weighing the competing interests of sentencing and imposed sentences that were proper exercises of its discretion.

## V.

## CONCLUSION

We affirm the district court's denial of LaBelle's motion for a physical examination of the victims without addressing whether Idaho courts have inherent power to order such examinations. We conclude that the evidence that LaBelle engaged in other lewd conduct is relevant and that the district court did not abuse its discretion in ruling that the probative value of the testimony was not substantially outweighed by the danger of unfair prejudice. Finally, we affirm LaBelle's sentences as proper exercises of the district court's discretion.

JOHNSON, TROUT and SILAK, JJ., and BURDICK, J. Pro Tem, concur.