961 P.2d 1195

**STATE of Idaho, Plaintiff–Respondent,**

v.

**David W. HOOTS, Defendant–Appellant.**

No. 23538.

Supreme Court of Idaho,
Boise, April 1998 Term.

June 30, 1998.

Timothy H. Gresback, Coeur d'Alene, for appellant.

Alan G. Lance, Attorney General; Catherine O. Derden, Deputy Attorney General, Boise, for respondent.

TROUT, Chief Justice.

This is an appeal from the defendant's criminal conviction for lewd conduct with a minor. The defendant, David W. Hoots (Hoots), alleges that the district court erred in admitting evidence of prior uncharged sexual misconduct in his trial for lewd conduct with a minor. We affirm the district court's admission of the evidence under I.R.E. 404(b).

## I.

### BACKGROUND

Hoots was charged with three counts of Lewd Conduct with Minor Child Under Sixteen, in violation of I.C. § 18-1508. At Hoots' trial, the victim, A.W., testified that she and Hoots engaged in kissing, petting, and oral sex. A.W. was fourteen years old at the time of the sexual misconduct and was friends with Hoots' daughter. All of the incidents of sexual misconduct occurred in Hoots' house when his wife and children were either asleep or not at home. The district court admitted evidence, over Hoots' objection, of Hoots' prior uncharged sexual misconduct with another minor, W.M. W.M. testified that Hoots kissed her against her will and made sexual advances toward her. W.M. was fifteen years old at the time of the sexual misconduct and was dating Hoots' son. A jury found Hoots guilty on all three counts of Lewd Conduct with Minor Child Under Sixteen. The district court entered a judgment of conviction and imposed a unified sentence of thirty years with five years fixed on each count, and ordered that the sentences run concurrently. Hoots appeals from the conviction, asserting that the district court erred in admitting W.M.'s testimony as evidence under I.R.E. 404(b).

## II.

### STANDARD OF REVIEW

When reviewing a trial court's admission of evidence of prior misconduct, we exercise free review over the trial court's determination of the relevancy of the misconduct. *State v. LaBelle*, 126 Idaho 564, 567, 887 P.2d 1071, 1074 (1995) (citing *State v. Grube*, 126 Idaho 377, 883 P.2d 1069 (1994)). We review for an abuse of discretion the trial court's determination that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice to the defendant. *Id.* (citing *State v. Lewis*, 126 Idaho 77, 82, 878 P.2d 776, 781 (1994)).

## III.

### TESTIMONY OF PRIOR MISCONDUCT

Hoots alleges on appeal that the district court erred in admitting evidence of prior uncharged sexual misconduct in his trial for lewd conduct with a minor. The district court permitted the testimony of W.M., who stated that Hoots engaged in sexual misconduct with her while she was a minor. The State contends that the evidence was properly admitted pursuant to I.R.E. 404(b).

I.R.E. 404(b) provides that evidence of a defendant's other crimes, wrongs, or acts is not admissible to prove the defendant's character in order to show that the defendant acted in conformity therewith. However, such evidence may be admissible for other purposes, including "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *See* I.R.E. 404(b). *See, e.g., State v. LaBelle*, 126 Idaho 564, 887 P.2d 1071 (1995); *State v. Phillips*, 123 Idaho 178, 845 P.2d 1211 (1993); *State v. Tolman*, 121 Idaho 899, 828 P.2d 1304 (1992); *State v. Moore*, 120 Idaho 743, 819 P.2d 1143 (1991). In determining whether evidence of a defendant's uncharged misconduct should be admitted, the court must apply a two-tiered analysis.

*See Moore,* 120 Idaho at 745, 819 P.2d at 1145. First, the court must determine whether "the evidence is relevant to a material and disputed issue concerning the crime charged." *Id.* Second, the court must determine whether "the probative value of the evidence is outweighed by the danger of unfair prejudice to the defendant." *Id.* (citations omitted).

When a defendant is charged with lewd conduct with, or sexual abuse of, a minor, testimony of the defendant's prior sexual misconduct may be admissible if it shows a "general plan to exploit and sexually abuse an identifiable group of young female victims." *Moore,* 120 Idaho at 745, 819 P.2d at 1145. Such testimony is relevant as to the credibility of the victim. *Id.* Although the Court has applied Rule 404(b) in a number of cases, the facts of the present case are most similar to those in *State v. Phillips,* 123 Idaho 178, 845 P.2d 1211 (1993). In *Phillips,* the defendant was charged with two counts of sexual abuse of a minor under the age of sixteen. *Id.* at 179, 845 P.2d at 1212. The victim was the defendant's niece, and was friends with the defendant's daughter. *Id.* The trial court permitted the testimony of three women who claimed that when they were minors and were friends with the defendant's daughter, the defendant would invite them into his garage to view pornographic materials, and would then touch them inappropriately. *Id.* at 180, 845 P.2d at 1213. The Court upheld the trial court's decision admitting evidence of the defendant's prior uncharged sexual misconduct, finding that the victim's credibility was squarely at issue for the jury to decide because the defendant did not testify. *Id.* at 181, 845 P.2d at 1214. The Court stated that the testimony of the three women demonstrated the defendant's general plan to exploit and sexually abuse minor females who were relatives or friends of the defendant's daughter and visited the defendant's home. *Id.*

In this case, A.W. was fourteen years old at the time of the sexual misconduct with Hoots. A.W. was a friend of Hoots' daughter and, therefore, was often at the Hoots' residence. The sexual misconduct always occurred in Hoots' house, either when his wife and children were not home or were asleep. W.M., who offered testimony concerning prior uncharged sexual misconduct by Hoots, was fifteen years old at the time of the misconduct. W.M. was dating Hoots' son and, therefore, was a visitor to the Hoots' residence. W.M. testified that Hoots kissed her against her will, and made sexual advances toward her when his wife and children were not around. Based upon the above, there exists sufficient similarities between Hoots' sexual misconduct with A.W. and W.M. to demonstrate a general plan by Hoots to exploit and sexually abuse minor females who were friends of his children and visited his home. Thus, we conclude that the district court did not err in finding that W.M.'s testimony was relevant.

The district court weighed the probative value of W.M.'s testimony against the danger of unfair prejudice to Hoots, stating:

I've read the whole series of cases that have evolved over this, starting with Moore, and Phillips, and Labell [sic], and gave those all some thought and looked at it.

. . . .

Now, in weighing it as far as prejudice, whether its prejudice would outweigh its relevance, which is the second part of the analysis, this evidence that we're talking about is not near as prejudicial in that sense as some of those in the cases that were sustained under which these concepts have been developed. There isn't any testimony here of actual sexual touching other than a kissing incident, at least in the offer of proof here. So we don't have any of the oral/genital or the hand to the breasts or anything like that type of contact.

Hoots' misconduct with W.M. was limited to a kiss and some sexually suggestive comments. Although a jury would likely find such conduct offensive, W.M.'s testimony is more helpful to the jury in assessing the credibility of A.W. than it is prejudicial to Hoots. Applying our three-part standard of review of a trial court's exercise of discretion, *State v. Hedger,* 115 Idaho 598, 768 P.2d 1331

(1989), we find that the district court did not abuse its discretion in finding that the probative value of W.M.'s testimony was not substantially outweighed by the danger of unfair prejudice to Hoots.

Thus, we conclude that the district court did not err in admitting evidence of Hoots' prior uncharged sexual misconduct under I.R.E. 404(b).

## IV.

### CONCLUSION

We affirm the district court's admission of W.M.'s testimony as evidence under I.R.E. 404(b). First, the district court did not err in finding that W.M.'s testimony was relevant. Second, the district court did not abuse its discretion in finding that the probative value of W.M.'s testimony was not substantially outweighed by the danger of unfair prejudice to Hoots.

JOHNSON, SILAK, SCHROEDER and WALTERS, JJ., concur.